Filed 11/21/13  P. v. Kirkland CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DAVID JAMES KIRKLAND,<br><br>　　　　Defendant and Appellant. | C072754<br><br>(Super. Ct. No. 12F00215) |

A jury found defendant David Kirkland guilty of assault and battery by means of force likely to cause great bodily injury.  He appeals, arguing the trial court erred in failing to instruct on the lesser included offense of simple assault.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On an evening in early January, Steve Bassett and Jesse Jensen were drinking beer in a local bar.  While there, a woman walked in and began arguing with an off-duty bartender.  After the woman was asked to leave several times, Bassett and Jensen walked

1

her out to the parking lot. There she made a call on her cell phone, yelling that Bassett and Jensen did not "know who they [we]re messing with." A few minutes later, a man pulled up to the parking lot and got out of a car. At trial, the man was identified as defendant.

Bassett and Jensen gave slightly different versions of the events that followed. According to Bassett, a clean-cut man arrived and began talking with the woman. Bassett recalled seeing one of defendant's facial tattoos out of the corner of his eye before he was hit by something and knocked out. Jensen, on the other hand, never saw the clean-cut man and saw only defendant. Jensen saw defendant walk over to Bassett and argue with Bassett for a brief time. Defendant then hit Bassett in the face and Jensen saw Bassett's knees buckle and saw him collapse.

Bassett is a big, six-feet four-inch military veteran. Defendant has a thin build and came up to around the chin of the six-feet two-inch Jensen but was initially described as being five feet five inches tall.

Bassett regained consciousness inside the bar on a pool table. He received a black eye and a cut above his left eye from the one-hit knockout blow. Bassett could tell that he had not simply been hit by a fist because he had "been hit by a fist before. He didn't hit me with a fist."

As relevant here, defendant was charged with assault by means of force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) and battery resulting in serious bodily injury (§ 243, subd. (d)) for his attack on Bassett. The trial court considered whether to instruct the jury on the lesser included offense of simple assault but declined to issue the instruction. The jury found defendant guilty as charged. After a bench trial,

---

[1]     All further section references are to the Penal Code.

2

the trial court found defendant had prior convictions and sentenced him to prison for 14 years.

DISCUSSION

On appeal, defendant argues that the trial court erred because it "did not instruct the jury with assault as a lesser included offense of [assault by means of force likely to produce great bodily injury]. As a result, [defendant] was prejudiced and his rights to due process, a jury trial, and a fair trial under the Fifth, Sixth, and Fourteenth Amendments and their California counterparts were violated." We disagree.

" 'The trial court has a sua sponte duty to instruct on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present and there is evidence that would justify a conviction of such a lesser offense.' " (*People v. Bradford* (1997) 14 Cal.4th 1005, 1055-1056.) The trial court must instruct "on all theories of a lesser included offense which find substantial support in the evidence. On the other hand, the court is not obliged to instruct on theories that have no such evidentiary support." (*People v. Breverman* (1998) 19 Cal.4th 142, 162.) In this context, substantial evidence is that which a reasonable jury could find persuasive. (*People v. Halvorsen* (2007) 42 Cal.4th 379, 414.)

"The obligation extends to instruction on lesser included offenses when the evidence raises a question as to whether all the elements of the charged offense were present, but not when there is no evidence that the offense committed was less than that charged." (*People v. Cruz* (2008) 44 Cal.4th 636, 664.) "A criminal defendant is entitled to an instruction on a lesser included offense only if [citation] 'there is evidence which, if accepted by the trier of fact, would absolve [the] defendant from guilt of the greater offense' [citation] *but not the lesser*." (*People v. Memro* (1995) 11 Cal.4th 786, 871, citing *People v. Morrison* (1964) 228 Cal.App.2d 707, 712-713.)

Defendant contends that "at first blush, it may seem that, because Bassett purportedly was knocked unconscious, instruction with simple assault was not warranted.

3

But that is not so. Section 245, subdivision (a)(4) focuses on the force used, not the injury." Defendant further argues that "a single punch to the head is not, as a matter of law, force likely to produce great bodily injury."**2** He contends that, "[h]ad a simple assault instruction been given, the jury readily could have determined that the force [he] used was not sufficient to constitute a violation of section 245."

We agree that the focus of section 245, subdivision (a)(4) is on the force used, not the injury that results; however, we disagree that this focus means the trial court should have instructed on the lesser included offense here.

While the injury is not dispositive, it is relevant to determining the amount of force used. (*People v. Muir* (1966) 244 Cal.App.2d 598, 604 [although the results of an assault are not conclusive, they are often highly probative of the amount of force used].) The People point to *People v. Kinman* (1955) 134 Cal.App.2d 419, 422, and argue that in order "to determine whether a fist used to strike a person is likely to cause great bodily injury, relevant factors include the force of the impact, the manner in which it is used, and the circumstances under which the force was applied." We agree. Further, we conclude that when the relevant factors here are considered, no reasonable jury could have found defendant guilty of only simple assault instead of assault by means of force likely to produce great bodily injury.

Here, there are no factors indicating that the force used was not likely to cause great bodily injury. Defendant came up to around the chin of the six-feet two-inch Jensen; therefore, he had to have come up to below the chin of the six-feet four-inch Bassett. Additionally, Bassett is a big military veteran, while defendant has a thin build. Yet, despite the considerable difference in size, defendant knocked Bassett out with one

---

**2** Bassett testified that he had been hit by an object. Section 245, subdivision (a)(4) clearly says "by any means of force." Accordingly, whether Bassett was hit by an object or a fist is not the issue.

4

blow. The considerable difference in size indicates the blow must have had incredible force and was therefore likely to cause serious bodily injury. Accordingly, we find that there is no evidence a rational jury could have found persuasive that this blow was anything other than likely to cause serious bodily injury.

Defendant argues that *Schmuck v. United States* (1989) 489 U.S. 705 [103 L.Ed.2d 734] supports his argument that the jury should have been instructed on the lesser included offense. *Schmuck* states that "where the jury suspects that the defendant is plainly guilty of *some* offense, but one of the elements of the charged offense remains in doubt, in the absence of a lesser offense instruction, the jury will likely fail to give full effect to the reasonable doubt standard, resolving its doubts in favor of conviction. [Citation.] The availability of a lesser included offense instruction protects the defendant from such improper conviction." (*Schmuck*, at p. 717, fn. 9 [103 L.Ed.2d at p. 747, fn. 9].) Defendant argues "[t]he logic of *Schmuck* is equally applicable here. It was clear that Bassett had been hit. Thus, the jury would be reluctant to find him not guilty of [assault by means of force likely to produce great bodily injury]. But, without a lesser included offense as an alternative, the jury would convict him [o]f the only choice available, section 245, even if not convinced of his guilt beyond a reasonable doubt." We disagree. Here, if defendant was guilty of anything, it was plainly assault by means of force likely to cause great bodily injury. The main issue was whether defendant was the perpetrator, given the differing testimony regarding who was at the scene. Accordingly, we find *Schmuck* inapplicable here.

Quoting the prosecutor as asking the jury, "Is the force likely to cause injury?" defendant contends "even the prosecutor acknowledged that whether the force used was likely to produce great bodily injury was a contested issue for the jury to decide." When read in context, however, this was clearly a rhetorical question and did not question whether the force was truly great enough to cause serious bodily injury.

5

For the foregoing reasons, we find no error in the trial court's refusal to instruct on simple assault.

DISPOSITION

The judgment is affirmed.

ROBIE , J.

We concur:

NICHOLSON , Acting P. J.

BUTZ , J.